## Benjamin R. Hoxsie & others *v.* Willard B. Ellis.

Dower, before assignment, is no estate, but a mere right; and the claimant of such right need not be made a party to an action for the partition of the lands in which she claims it, although her writ of dower be pending in the same court for the enforcement of such right.

In such case, however, the court will, in its discretion, suspend the appointment of commissioners to make partition until the writ of dower is terminated, in order that the partition may not be disturbed by the assignment of dower.

At common law, non-joinder of a defendant in an action of partition is matter of abatement merely, and is not rendered pleadable in bar by the statute of Rhode Island authorizing parties omitted in such action to be summoned in, (a right of the plaintiff only, to save his action from abatement,) nor by the discretionary power of the court to order a sale of the premises in actions of partition.

ACTION OF PARTITION. Declaration, that Benjamin R. Hoxsie and wife, in her right, and Charles Ellis of North Kingston, in the county of Washington, now in California, the plaintiffs, are jointly seised with the defendant, Willard B. Ellis, as tenants in common of, and each with him entitled to a third, in an estate situated in West Greenwich, in the county of Kent,—the late homestead of their father,—they being brothers and sister, children of Allen Ellis, late of West Greenwich, deceased, and of Olive Ellis; and demanding that the undivided shares aforesaid of each of the plaintiffs be assigned to them, and each of them, in severalty.

Plea in abatement, that said Olive, the widow of Allen Ellis, has a right to dower in the premises of which partition is sought, and that she has commenced her action to recover the same, and to have the same set off and assigned to her; and that her said action of dower therefor is now pending, &c. General demurrer and joinder.

The cause was shortly argued by *Wm. H. Potter* for the plaintiffs, and by *Cozzens* for the defendant; the latter contending that there can be no partition whilst there is actually outstanding an estate for life, the title to which is paramount to that under which partition is sought. He argued that a right of dower was such an estate; and likened it to the case of one seeking a partition of a remainder in fee, pending the life estate. He cited *Culver* v. *Culver*, 2 Conn. R. 278; *Brown* v. *Brown*, 8

N. Hamp. R. 93. He argued from the practical inconvenience of allowing an·action of partition to be maintained, whilst' an action to recover dower in the same estate was pending, inasmuch as the commissioners to set off dower must disregard, and their assignment of dower will render useless, during the continuance of the estate in dower, the partition made by the commissioners in this action.

AMES, C. J. Until dower is assigned, it is no estate for life, such as existed in the cases cited, but rests in action only. The right may never be pursued, or if pursued, and an action be pending demanu ʳ it, as in this case, there may be a good defence to it, and we cɩ ɩot try that action in the bowels of this. In the mean time, partitɩ·n is the inseparable incident of a joint estate; requiring nothing to sustain it but an *actual* joint seisin, or joint seisin *in fact.* We never heard before that such an action could be abated, because there was an outstanding claim or right to the whole or a part of the lands of which partition is sought, or because there was a mere lien upon it. This plea must be overruled, although when judgment be rendered that partition be made according to the rights of the parties as declared, it will be in the discretion of the court, whether they will go on now and appoint commissioners to make a partition which may be useless; an action asking that dower be set off in the same lands being actually pending in this court. The defendant must answer over.

The plea in abatement being overruled, the defendant pleaded in bar, *First,* that at the time of the commencement of the action, Olive Ellis, widow of the said Allen Ellis, had, and ever since had, and now has, a right to have dower assigned to her in the whole of the lands in the declaration mentioned, and hath her action that said dower be rendered to her, now pending in this court, against the defendant; and that said Olive Ellis ought to be made a party to this action; and that Amey Ellis, of Providence, widow of the late Jeremiah Ellis, ought to have her dower assigned to her in a dwelling-house and forty acres of land, part of the lands of which partition is sought in this action; and that heretofore, and in lieu of dower, the parties have paid to said Amey an annual sum; and that the said

Amey ought to be made a party to this suit; and prayed judgment, if the plaintiffs' ought to have and maintain their action aforesaid thereof against him, &c.

*Second plea* substantially same as first, with an averment, in the nature of a prayer, that a summons should issue to both the said Olive and Amey, in order that they might come in and defend against this suit, and concluding in bar.

General demurrer and joinder.

This demurrer was shortly argued by *Wm. H. Potter* for plaintiffs, and *Cozzens* for defendant; the former contending that the same matter had in substance been decided on the plea in abatement; and the latter that the dowresses ought to be made parties to the action, in order that their dower might be set off to them, according to their rights, simultaneously with the setting off of their purparties to the plaintiffs and defendant. For the propriety of the prayer for process to issue to the dowresses, if proper parties to the suit and omitted, he referred to sect. 9 of "Act concerning partition, and estates holden in common and joint tenancy," (Dig. 1844, p. 195,) providing for the issue of summons to persons omitted as parties to an action of partition, when the omission was *pleaded.* He also referred to the act in amendment of the foregoing act, passed at the January session, 1851, (Public Laws since Dig. 1844, p. 803,) for the purpose of showing, that as the court had the power upon motion by the last-mentioned act, in a suit at law as well as in equity, to order the whole, or any part, of the premises of which partition was sought, to be sold, the dowresses, as interested in such sale, ought to be made parties. He cited to this last point, *Green* v. *Putnam,* 1 Barb. Sup. Ct. R. 500.

AMES, C. J. Non-joinder of defendants in an action of partition must, at common law, be pleaded in abatement. The statute, when it allows the *plaintiff* a summons to a person omitted in his writ, who ought to have been made a party to it, *in case* the omission be *pleaded,* so far from intending to convert matter in abatement into matter in bar, expressly provides that " if any person who ought to be a party to such action shall be omitted in the writ, the writ or process in such action shall not be thereby *abated.*" (Dig. 1844, p. 195, § 9.) The motion for

11 *

summons, too, is the *plaintiff's* motion, to avoid the effect of the *defendant's* plea in abatement for defect of parties; and is no part of the latter's plea in abatement. The matter of these pleas is not proper for pleas in bar, even if the dowresses ought to have been made parties to the action under our statute; and the omission of parties can be remedied now, only upon the plaintiff's motion to amend his writ and declaration. The dowresses, however, have no *joint* estate with the plaintiffs and defendant, but claim by title wholly independent of, and paramount to the title and estate of both; but it is wholly unnecessary to go into that question now.

As to the case of a sale of the whole, or part of the premises, provided for in the third section of the act of January, 1851, (Public Laws since Dig. of 1844, p. 804,) no motion for it is made, and it does not seem probable that any such motion will be made in this case, nor does any thing now appear warranting the granting of such a motion, if such a motion were made. It will be quite time enough to consider who should be heard upon such a question, and whose interests be consulted, when the discretion of the court is addressed on that subject. The case from Barbour's Sup. Ct. Reports, is a chancery case, and no authority as to who should be parties to the old formed real action of partition known to the common law, even as modified by statute in this state. That case turned upon the well-known principle of a court of chancery, as to parties, never departed from except in cases of necessity or to avoid great inconvenience, that all persons having an interest in the suit, that is in the subject of it, and in what, from the character of the proceeding, may be done in it with regard to the subject of the suit, must be made parties thereto. These pleas must be overruled, and judgment be entered that partition of the lands mentioned in the declaration be made, according to the rights of the parties as therein declared.

Judgment that partition be made having been entered up, *Wm. H. Potter*, for the plaintiffs, moved, that commissioners be appointed to make partition by metes and bounds, according to the rights of the parties, as ascertained by the judgment; and to set off to the plaintiffs and defendant, each, his and her part

in the premises in severalty. The motion was resisted by *Cozzens* for the defendant, on the ground of the pending action for dower brought by, and urged on, by the very counsel for the plaintiffs in this action, as not a proper motion to be *now* granted by the court, under such circumstances, on account of the needless expense which it would cause the parties; inasmuch as any partition which might be made must yield to the paramount rights of the two dowresses, when their dower came to be set off.

AMES, C. J. Under the discretion of the court, in regulating its own proceedings, as to the order of time in which things shall be done in matters pending before it, for the reasons stated by the counsel for the defendant, we shall refuse, for the present, to grant this motion. The counsel for the plaintiffs in this suit represents also the demandant in the action of dower, now pending in this court. If we grant his motion, he may have a partition made in this suit, and if it does not please him, will certainly have the power to disturb it by the assignment of dower, which he is urging on in the other. We think, therefore, that the partition must wait the assignment, and then the same commissioners may be appointed to make both, in perfect harmony with, and attention to, the rights and interests of the dowress and her children. Our denial of this motion is based upon the *pendency* in this court of the suit of Olive Ellis, and not on the claim for dower in a part of the premises of Amey Ellis, with whom an adjustment seems to have been made, by an allowance to her of an annual stipend in lieu of her right to an admeasurement of dower.

Whereupon, *Potter*, as counsel for Olive Ellis in the pending action of dower, discontinued that action; and renewing his motion in this action, that commissioners be appointed to make partition, the same was granted, and commissioners were appointed.